WENCESLAO SOTO JAVIER, peticionario y apelado, *v.* CORTE MUNICIPAL DE AGUADILLA, HON. VÍCTOR IGARTÚA, JUEZ, demandada y apelante.

Núm. 7816.—*Sometido:* Junio 9, 1939. *Resuelto:* Noviembre 30, 1939.

*Víctor Igartúa, pro se* y *J. Luis Cancio, Fiscal del Distrito,* abogado de la apelante; *José Veray, Jr.,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Este recurso tuvo su origen en una supuesta denuncia radicada ante la Corte Municipal de Aguadilla en enero 4, 1938, que imputaba al peticionario y apelado, Wenceslao Soto Javier, una infracción a la Ley de la Bolita. Éste presentó excepción perentoria contra la denuncia con fecha 21 de marzo del referido año. El día indicado, por causas que es innecesario discutir, la corte declaró con lugar la excepción y absolvió perentoriamente al acusado, ordenando al policía denunciante que presentara una nueva denuncia ante la misma corte dentro del término de 15 días, conforme provee el artículo 157 del Código de Enjuiciamiento Criminal.

El 8 de abril, 1938, el acusado ya exonerado radicó una moción ante la referida corte solicitando se le absolviera definitivamente, de conformidad con el artículo 148 del Código de Enjuiciamiento Criminal, basado en que no se había radicado la denuncia y en que el tiempo para así hacerlo había expirado el 5 de abril de dicho año, sin haberse prorrogado el mismo. El día mencionado el acusado solicitó se fijara un día para la vista de la moción. Ésta fué señalada y discutida el 18 de abril. La corte declaró sin lugar la moción y se negó a exonerar al acusado definitivamente. La resolución de la corte se fundaba en el hecho de que la nueva denuncia había sido ya jurada y radicada ante el Juez de Paz de Aguada, dentro del término prescrito de quince días. La nueva denuncia fué jurada el día 30 de marzo de 1938 y radicada el mismo día ante el Juez de Paz de Aguada,

y luego archivada ante la Corte Municipal de Aguadilla en abril 22, 1938. El apelado acudió en mayo 24 ante la Corte de Distrito de Aguadilla en solicitud de un auto de *mandamus* para que se ordenara a la corte municipal que absolviera definitivamente al acusado y dejara sin efecto la denuncia.

La corte libró el auto y en julio 13, 1938, ordenó que se dejara sin efecto la denuncia y se absolviera al acusado.

El juez querellado apeló. Señala tres errores, a saber:

"1.—La Corte de Distrito de Aguadilla erró al resolver que la nueva denuncia presentada no le daba jurisdicción a la Corte Municipal de Aguadilla para entender de la misma si no era radicada en la Secretaría de la Corte Municipal de Aguadilla sita en la ciudad del mismo nombre.

"2.—La Corte de Distrito de Aguadilla erró al resolver que la nueva denuncia jurada y registrada ante el Juez de Paz de Aguada en 30 de marzo de 1938 y en poder ya del Juez Municipal de Aguadilla cuando se presentó la moción de sobreseimiento definitivo en abril 8, 1938, había dejado de ser presentada dentro del término de quince días concedido por no haberse radicado en el Libro de Causas Criminales a cargo del Secretario de la Corte Municipal de Aguadilla hasta el 22 de abril de 1938.

"3.—La Corte de Distrito de Aguadilla erró al no resolver que al considerar dentro de su discreción el Juez Municipal de Aguadilla como presentada ante su corte la denuncia radicada en el Registro de Denuncias a cargo del Juez de Paz de Aguada dentro del término de quince días concedido, tal conducta equivalía a una orden implícita de la corte prorrogando el término concedido para su radicación en el Libro de Causas Criminales a cargo del Secretario de la Corte Municipal de Aguadilla, si es que esta última operación había de afectar a la jurisdicción de la corte para la vista del caso."

Los tres errores se discuten conjuntamente. El argumento del apelante es el siguiente:

La Corte Municipal de Aguadilla tiene sus oficinas principales en la ciudad del mismo nombre; también celebra sesiones en Isabela, Moca y Aguada, para oír los casos que ocurren dentro de dichas municipalidades. Las sesiones se celebran en la Sala de la Corte de Paz. La práctica en

dichos pueblos es jurar las denuncias ante el juez de paz y radicarlas en un registro que este funcionario lleva con tal fin. Algún tiempo después el juez de paz las envía al secretario de la corte municipal quien las radica en el Registro de Causas Criminales que se lleva en la ciudad donde la corte tiene su asiento. Únicamente las denuncias de los casos que se originan en la ciudad que sirve de asiento al distrito municipal son radicadas directamente ante el secretario de la corte municipal. Sostiene que la corte adquirió jurisdicción tan pronto como quedó registrada la denuncia y que el hecho de no haberse radicado la misma por el Secretario de la corte municipal dentro del término de quince días no privó a la referida corte de jurisdicción. También insiste en que la corte municipal había tomado conocimiento judicial de la presentación y archivo de la nueva denuncia dentro de los quince días ante el juez de paz.

Arguye igualmente que aun si la nueva denuncia hubiera tenido que radicarse en Aguadilla dentro del término de quince días contado a partir de la fecha de la orden, la conducta de la corte al admitir la denuncia equivalió a haberse prorrogado implícitamente el término concedido para tal fin. Cita el caso de *Medina* v. *Géigel*, 44 D.P.R. 548, al efecto de que no era necesario conceder expresamente una prórroga.

La denuncia, a nuestro juicio, debió haberse jurado ante la Corte Municipal de Aguadilla, pero es innecesario que demos énfasis a este punto.

Mas, por disposición expresa de la ley, tenía que radicarse ante la Corte Municipal de Aguadilla antes de haber transcurrido el período de quince días.

La corte de paz es una entidad distinta. No es una rama o división de la corte municipal. La radicación ante el juez de paz no cumple con la ley.

El tomarse nota de la denuncia ante el Juez de Paz de Aguada no equivalió a una radicación, dentro del significado de la ley. Fué radicada en una corte sin jurisdicción. Una

denuncia no puede ser radicada en dos cortes distintas, especialmente cuando una de ellas no tiene jurisdicción, para conocer del caso.

No podemos ver cómo el conocimiento judicial, que es una cuestión de evidencia, pueda desempeñar papel alguno en este caso.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Travieso no intervino.